IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., ) | |
| ) | Case No. 12-cv-07181 |
| Plaintiff, ) | |
| ) | Judge Joan H. Lefkow |
| v. ) | |
| ) | |
| Nathan Rowader, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Flava Works, filed a two-count complaint against Nathan Rowader, alleging violation of its rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. As alleged, Flava Works is an adult entertainment company that produces DVDs, magazines, websites, pictures, streaming video and various other media. It is incorporated in Florida, and maintains offices in Miami, Florida and Chicago, Illinois. Rowader is an individual living in San Francisco, California who joined as a paid member of Flava Work's websites. In joining Flava Work's website, Rowader agreed to abide by specific terms and conditions, including to refrain from copying or storing any of Flava Works's copyrighted material other than for personal, noncommercial use. Rowader also consented, in any action to enforce the agreement, to personal jurisdiction and venue in courts located in "Cook County, Florida" or Miami-Dade County, Florida.[1] Flava Works alleges that Rowader infringed its copyrights by uploading its

---

[1]The court will assume, based on context, that "Cook County, Florida," is a scrivener's error. Paragraph 11.1 of the Terms and Conditions of the user agreement provides:

> This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law without regard to any conflict of law provisions. You agree that any action to enforce this Agreement shall be brought in the federal or state courts located

1

website videos onto an online file-sharing website, which allowed third parties to download copyrighted videos without Flava Works's permission and in violation of the terms and conditions of membership. Rowader has moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. § 1400(a), arguing that the court lacks personal jurisdiction over Rowader.

**Legal Standards**

Rule 12(b)(2) allows for dismissal of a claim based on lack of personal jurisdiction, while Rule 12(b)(3) permits dismissal for improper venue. Fed. R. Civ. P. 12(b)(2); Fed. R. Civ. P. 12(b)(3). Flava Works bears the burden of establishing personal jurisdiction and venue. *See Tamburo* v. *Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (jurisdiction); *Citadel Group Ltd.* v. *Wash. Reg. Med. Ctr.*, No. 07 CV 1394, 2008 WL 5423553, at *2 (N.D. Ill. Dec. 29, 2008) (venue). Because Rowader has submitted an affidavit contesting personal jurisdiction, Flava Works must present affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found.* v. *SanofiSynthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003). In this instance, the motion can be resolved based on the documentary evidence filed with the complaint.

**I.    Personal Jurisdiction**

In copyright cases, venue lies in the district where the defendant resides. 28 U.S.C. § 1400(a). Because the Copyright Act does not provide for nationwide service of process, the

---

in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Florida [*sic*] or Miami-Dade County, Florida.

(Am. Compl. ¶ 9.)

court will apply Illinois law to determine whether personal jurisdiction exists.  *See uBid, Inc.* v. *GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010); *Fort Knox Music Inc.* v. *Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000); 17 U.S.C. § 101 *et seq.*; Fed. R. Civ. P. 4(k)(1)(A).  Illinois law allows personal jurisdiction to the extent authorized by the Fourteenth Amendment's Due Process Clause, which merges the federal constitutional and state statutory inquiries together.  *Tamburo*, 601 F.3d at 700.  Under the Illinois long-arm statute, personal jurisdiction can be general or specific.  *uBid*, 623 F.3d at 425; 735 Ill. Comp. Stat. 5/2-209(c).

Rowader's position would likely be sustained under Illinois law if the complaint relied solely on the Copyright Act.  General jurisdiction is a demanding standard, in which a defendant can be haled into an Illinois court if they have "'continuous and systematic general business contacts'" with the state.  *uBid*, 623 F.3d at 425–26 (quoting *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 415–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).  Rowader is a resident of California who further states in his affidavit that he has "no continuous or systematic contacts with the State of Illinois."  Rowader would thus not be amenable to personal jurisdiction in Illinois based on general jurisdiction.  Neither does specific jurisdiction seem appropriate here because Rowader asserts that he does not conduct business that is targeted at Illinois.  *See be2 LLC* v. *Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (no personal jurisdiction over out-of-state defendant who operated website accessible from Illinois but where there was no evidence that the defendant targeted or exploited the Illinois market).

Nonetheless, a defendant who consents to an enforceable forum-selection clause may waive the ability to challenge personal jurisdiction.  *IFC Credit Corp.* v. *Alian Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006).  To determine whether a defendant has

3

waived its objections, the court must decide "(1) whether the clause in the agreement is, in fact, a forum-selection clause; and, if so (2) whether the clause is enforceable." *Macey & Aleman* v. *Simons*, No. 10 CV 6646, 2011 WL 1456762, at *2 (N.D. Ill. April 14, 2011). Forum selection clauses contain mandatory language. *Id*. at *3.

Here, the clause in the user agreement incorporates mandatory language providing that the parties "shall be brought in federal or state courts located in Chicago, Illinois or Miami, Florida." Thus, the agreement is, in fact, a forum selection clause. Moreover, Illinois courts "have long allowed parties to 'substitute the laws of another place or country.'" *Sarnoff* v. *Am. Home Products Corp.*, 798 F.2d 1075, 1081 (7th Cir. 1986) (quoting *McAllister* v. *Smith*, 17 Ill. 328, 333 (Ill. 1856)) *superseded on other grounds as recognized by Hart* v. *Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001); *accord Vencor, Inc.* v. *Webb*, 33 F.3d 840, 844 (7th Cir. 1994). They typically follow the Restatement (Second) of Conflict of Laws (1971) in making choice of law decisions. *E.g., Morris B. Chapman & Assoc., Ltd.* v. *Kitzman*, 739 N.E.2d 1263, 1269, 193 Ill. 2d 560, 251 Ill. Dec. 141 (Ill. 2000); *AT&T Capital Servs., Inc.* v. *Shore Fin. Servs., Inc.*, No. 09 CV 1360, 2010 WL 2649874, at *5 (N.D. Ill. June 30, 2010) (collecting cases). Where, as here, the parties have made an express choice of law in their contract, section 187 of the Restatement applies. *Hall* v. *Sprint Spectrum L.P.*, 876 N.E.2d 1036, 1041, 376 Ill. App. 3d 822, 315 Ill. Dec. 446 (Ill. App. Ct. 2007). Restatement section 187 provides,

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction

and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187 (1971); *see Int'l Surplus Lines Inc. Co.* v. *Pioneer Life Ins. Co. of Ill.*, 568 N.E.2d 9, 14, 209 Ill. App. 3d 144, 154 Ill. Dec. 9 (Ill. App. Ct. 1990) ("[T]he parties' choice of law governs unless (1) the chosen State has no substantial relationship to the parties or the transaction or (2) application of the chosen law would be contrary to a fundamental public policy of a State with a materially greater interest in the issue in dispute.").

Here, Illinois has a substantial relation to Flava Works, which has offices in Illinois. Illinois has an interest in protecting the copyright and contractual rights of Illinois businesses. Furthermore, Rowader has cited no public policy of California that would be impaired should the clause be enforced. As the Seventh Circuit has recognized, "it is reasonable for a corporation with far-flung interests to bargain for the law of its headquarters state." *Mastrobuono* v. *Shearson Lehman Hutton, Inc.*, 20 F.3d 713, 719 (7th Cir. 1994) *rev'd on other grounds*, 514 U.S. 52, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995); s*ee Koch* v. *Am. Online, Inc.*, 139 F. Supp. 2d 690, 694 (D. Md. 2000) ("There is no evidence in this case that AOL chose Virginia in bad faith or in an effort to discourage meritorious suits."); *see also* Restatement (Second) of Conflict of Laws § 187 cmt. g. ("The parties' power to choose the applicable law is subject to least restriction in situations where the significant contacts are so widely dispersed that determination of the state of the applicable law without regard to the parties' choice would present real difficulties.").

Although this is an inconvenient forum for Rowader, and Rowader's acceptance of the forum selection clause was not subject to negotiation,[2] the court finds no basis to interfere with the contract. The court finds, therefore, that it has jurisdiction over Rowader and that venue is proper in the Northern District of Illinois.

**ORDER**

The motion of Nathan Rowader to dismiss for lack of jurisdiction and improper venue [dkt. 13] is denied. Rowader is directed to answer the complaint by Thursday, December 6, 2012. The parties are directed to appear for a scheduling conference on Thursday, January 10, 2013 at 8:30 a.m.

Dated: November 16, 2012     Enter: _____
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge

---

[2] Rowader presumably could have chosen an alternative website that did not contain such a clause. In any event, as stated in *Kinkel* v. *Cingular Wireless LLC*, 223 Ill.2d 1, 26, 857 N.E.2d 250, 266, 306 Ill. Dec. 157 (Ill. 2006),

> [Adhesion] contracts . . . are a fact of modern life. Consumers routinely sign such agreements to obtain credit cards, rental cars, land and cellular telephone service, home furnishings and appliances, loans, and other products and services. It cannot reasonably be said that all such contracts are so procedurally unconscionable as to be unenforceable.